IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JAMES E. PELFREY and<br>NANCY L. PELFREY, | ) <br> ) <br> ) | Case No.: CV 04-1565-PA |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | |
| FLEETWOOD MOTOR HOMES OF<br>CALIFORNIA, INC., | ) <br> ) <br> ) | ORDER |
| Defendant. | ) | |

**PANNER, J.**

Plaintiffs James E. Pelfrey and Nancy L. Pelfrey, husband and wife, brought this action against defendant Fleetwood Motor Homes of California, Inc., claiming that defendant violated Oregon's Lemon Law, Or. Rev. Stat. §§ 646.315- 646.375. Plaintiffs alleged that defendant failed to repair leaks in a mobile home they had purchased.

This court granted defendant's motion for summary judgment.

1 - ORDER

Defendant now seeks more than $30,000 in attorney's fees. I deny the motion for attorney's fees.

## DISCUSSION

The Oregon statute provides that "[t]he court may award reasonable attorney fees to the prevailing party in an appeal or action under this section." Or. Rev. Stat. § 646.359(2). The court has discretion to award fees to a prevailing party, whether plaintiff or defendant. I found no reported decisions applying this statute to an award of attorney's fees. Because the Lemon Law is a consumer protection statute, awards of attorney's fees against plaintiffs should be rare.

Here, plaintiffs' case was not strong, which is why this court granted defendant's motion for summary judgment. However, plaintiffs' case was not frivolous.

Defendant contends that it should be awarded attorney's fees because plaintiffs refused to negotiate a settlement in good faith. Plaintiffs' attorney states that before plaintiffs filed this action in state court, defendant rejected their request to use informal dispute resolution as an alternative to litigation. Plaintiffs did turn down defendant's subsequent settlement offers as being insufficient to cover their damages.

Because plaintiffs' claims were not frivolous, and in light of the purpose of the Lemon Law, I conclude that defendant should not be awarded its attorney's fees.

## CONCLUSION

Defendant's motion for attorney's fees (#50) is denied.

DATED this 25th day of July, 2005.

OWEN M. PANNER
U.S. DISTRICT COURT JUDGE

3 - ORDER